THORNLEY SUPPLY COMPANY, INC. *vs.* NICHOLAS J. MADIGAN *et al.*

APRIL 15, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, and Murdock, JJ.

SWEENEY, J. This cause is before the court on appeal of the respondent Teresa Madigan from a final decree entered in the Superior Court in favor of complainant. The reasons assigned for the appeal are that the decree is against the law and the weight of the evidence and that the trial justice erred in his finding of facts.

This bill is brought to set aside a deed from respondent Nicholas J. Madigan to his wife Teresa on the ground of constructive fraud. A former bill to set aside said deed on the ground of actual fraud was dismissed. *Thornley Supply Co., Inc.* v. *Madigan*, 48 R. I. 271.

The deed is a quitclaim dated July 21, 1924, which was duly recorded in the city of Pawtucket. By this deed Mr. Madigan conveyed to his wife a lot of land, with dwelling house thereon, located on Perrin street in said city.

The bill alleges that Mr. Madigan was indebted to complainant and was insolvent at the time he made said deed. At this time Mr. Madigan owed complainant $3,696.97 for plumbing supplies. Mr. Madigan commenced buying supplies from complainant in 1923.

Complainant's president testified that credit was extended to Mr. Madigan in reliance upon his statement that he owned real estate on Perrin street valued at $6,000 subject to two mortgages amounting to $3,000. After learning that Mr. Madigan had conveyed his real estate to his wife the complainant refused to sell supplies to him to any extent unless his orders were guaranteed. After several months Mr. Madigan finally gave up business. Complainant recovered judgment against him for $2,496.32 April 20, 1928. Execution on this judgment was returned wholly unsatisfied. Complainant then filed this bill alleging that the deed from Mr. Madigan to his wife was given without consideration and with intent to delay, hinder and defraud the complainant in the collection of its claim.

Mr. Madigan did not answer the bill and a decree *pro confesso* was entered against him. Mrs. Madigan answered the bill by admitting that her husband conveyed the Perrin street real estate to her. She denied that she knew he was insolvent or that the property was conveyed to her with intent to delay, hinder or defraud the complainant. She averred that the Perrin street property, together with other real estate, formerly belonged to her parents, and that upon their decease it descended to their children; that she agreed to convey to her brothers and sisters her interest in other real estate and they agreed to convey to her their interests in the Perrin street property; that she permitted the deed of the Perrin street property to be made to her husband June 10, 1921, in order to settle a marital dispute

with him and upon his promise to reform his conduct towards her and their children; that no consideration was paid by him for said deed; that he did not keep his promise to treat her and their children properly; that in 1922 she requested him to convey said Perrin street property to her and that he refused to do so until July 21, 1924, when he conveyed it after she had threatened to procure a divorce from him. She also averred that the conveyance was supported by a good and valuable consideration.

The cause was heard upon bill, answer and proofs. It appeared that when Mr. Madigan took title to the property June 10, 1921, he and Mrs. Madigan agreed to pay her brothers and sisters $2,800 for it in addition to conveying their interest in some other real estate which formerly belonged to Mrs. Madigan's parents. Mrs. Madigan signed the deed as one of the grantors and thereby conveyed her interest in the Perrin street property to her husband. In order to procure the purchase price of $2,800 Mr. Madigan gave a first mortgage upon the Perrin street property for $2,500 and a second one for $500. Mrs. Madigan, some time after the conveyance of the property to her, paid this second mortgage. Afterwards, namely, May 3, 1926, the first mortgage was foreclosed by a sale of the property for $5,600 and the mortgagee has a surplus of $3,021.02 in his possession.

The court found that the conveyance from Mr. Madigan to his wife was without cash consideration; that she permitted the title to the property to remain in his name for more than three years; that during this time complainant extended credit to him on the basis of his ownership of the property and that when complainant heard Mr. Madigan had conveyed the property to his wife it refused to extend further credit to him unless his purchases were guaranteed. The court was of the opinion that the equity of the complainant to have its claim against Mr. Madigan satisfied out of the surplus of the proceeds of the mortgagee's sale was superior to that of the rights of Mrs. Madigan on the

grounds of constructive fraud or estoppel and allowed the claim of the complainant, with interest, to the amount of $2,542.24.

It is a familiar principle of equity that where one of two persons must suffer a loss, the loss must be borne by the one who caused it. This court has held that a person is estopped to set up the truth in contradiction of his own conduct so as to make the truth an instrument of fraud. *East Greenwich Institution for Savings* v. *Kenyon*, 20 R. I. 110; *Burke* v. *Barnum & Bailey*, 40 R. I. 71. On her own testimony Mrs. Madigan permitted the record title to the Perrin street property to be placed in the name of her husband and signed the deed conveying the property to him. Mr. Madigan paid a valuable consideration for the property when he mortgaged it to obtain the money to pay the purchase price and by releasing his right of curtesy in the other real estate which descended to his wife from her parents. Complainant had a right to rely upon Mr. Madigan's record title and did rely upon it when extending credit to him. In these circumstances Mrs. Madigan is estopped from asserting ownership of the property to the injury of the innocent creditor. *Goldberg* v. *Parker*, 87 Conn. 99; *Hauk* v. *Van Ingen*, 196 Ill. 20; 2 Pom. Eq. Jur., 4th ed. § 804; 21 C. J. 1060.

Respondent Teresa Madigan cites *National Exchange Bank et al* v. *Watson*, 13 R. I. 91 and *Darcey* v. *Darcey*, 29 R. I. 393, 394 in support of her contentions. In the first of these cases the court upheld the validity of a deed given as an antenuptial settlement against an attack by the grantor's creditors. The court found that the provision made by the deed was not unreasonable and that the remaining property of the grantor was sufficient for the payment of his debts. But the court said: "A presumption of fraud, more or less conclusive, would arise in proportion as the property conveyed was, or was not, in excess of a reasonable provision, and as the settlor's remaining property was sufficient, or insufficient, for the payment of his debts." In the *Darcey*

case it was not claimed that the agreement was made with intent to delay, hinder or defraud creditors, and the court sustained an agreement by a husband to convey one half of his interest in certain real estate to his wife. These two cases are not in point because it appears in the case at bar that Mr. Madigan conveyed all of his real estate to his wife without any cash consideration and was left without any property with which to pay his debts.

Complainant extended credit to Mr. Madigan with knowledge that his real estate was subject to two mortgages amounting to $3,000. Some time after Mrs. Madigan received the deed of this real estate and after complainant knew of the transfer, but before it filed its bill to set aside the same, Mrs. Madigan paid the second mortgage of $500. In fairness Mrs. Madigan should be subrogated to the rights of the second mortgagee and be allowed the amount paid for this mortgage, with interest, out of the surplus in the possession of the first mortgagee.

The finding of facts by the trial justice is fully supported by the testimony. The decree appealed from should be modified by first providing for the payment to Mrs. Madigan of the amount paid for the second mortgage, with interest. In other respects the decree appealed from is affirmed.

April 20, 1931, the parties may present to this court a form of decree to be entered in the Superior Court.

*Thomas P. Corcoran, Charles E. Mangan,* for petitioner.
*Thomas L. Carty,* for respondent.